IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-0623-ZLW

MELVIN LYNNE BOMPREZZI,

    Plaintiff,

v.

SHERIFF DAVID WEAVER, Douglas County,
JUDGE THOMAS CURRY, Douglas County District Court,
JASON SIERS, Douglas County, Assistant District Attorney,
STEVE SCHOENMAKERS, CMHIP, and
COLORADO COURT OF APPEALS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 8 2006

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

On July 25, 2006, Plaintiff Melvin Lynne Bomprezzi, who currently is detained in the Douglas County Jail in Castle Rock, Colorado, submitted a Letter to the Court challenging the dismissal of the instant action. The Court, therefore, will construe the Letter liberally as a Motion to Reconsider because Mr. Bomprezzi is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion to Reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed within ten days after the final judgment in an action should be considered pursuant to Rule 59(e), and a motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Id.*

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Order and Judgment of Dismissal, filed on July 18, 2006, dismissed the action. The instant Motion to Reconsider was filed with the Court on July 25, 2006. Plaintiff has filed his Motion to Reconsider within ten days after the Court's Order and Judgment of Dismissal was entered. *See* Fed. R. Civ. P. 6(a). The Court, therefore, will review the Motion to Reconsider pursuant to Rule 59(e).

A motion to reconsider that reiterates issues originally raised in the complaint and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244. Upon consideration of the entire file, the Court finds and concludes that Mr. Bomprezzi fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss this action. Therefore, the Motion to Reconsider will be denied. Accordingly, it is

ORDERED that Plaintiff's Letter, filed July 25, 2006, is construed as a Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 18 day of Aug., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00623-BNB

Melvin Lynne Bomprezzi
Prisoner No. 05A2698
Douglas County Jail
4000 Justice Way #2630
Castle Rock, CO 80109

   I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  8-18-06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk