IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 8 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00623-BNB

MELVIN LYNNE BOMPREZZI,

    Plaintiff,

v.

SHERIFF DAVID WEAVER, Douglas County,
STEVE SCHOENMAKERS, and
CMHIP,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Mr. Bomprezzi initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. At the time Plaintiff submitted the instant action, he was detained at the Douglas County Jail in Castle Rock, Colorado. The Court dismissed the Complaint and action on July 18, 2006. Plaintiff appealed the dismissal, and the United State Court of Appeals for the Tenth Circuit, pursuant to *Jones v. Bock*, 127 S. Ct. 910 (Jan. 22, 2007), vacated the dismissal in part and remanded the action to the district court with respect to Claims Four and Five.

The Court will construe Claims Four and Five liberally as asserted against Defendants Sheriff David Weaver, Steve Schoenmakers, and CMHIP (Colorado Mental Health Institute of Pueblo) because Mr. Bomprezzi is a *pro se* litigant. **See *Haines v. Kerner*,** 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon*,** 935 F.2d 1106, 1110 (10th Cir.

1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Bomprezzi will be ordered to file an Amended Complaint.

In Claim Four, Plaintiff asserts various conditions of confinement violations. He fails to allege specific facts that demonstrate how Defendant David Weaver personally participated in the asserted constitutional violations, however. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

With respect to Claim Five and Defendant CMHIP, the Institute is not a person for the purpose of a § 1983 action. Plaintiff must name as parties in Claim Five individuals at the Institute who are responsible for violating his constitutional rights. Although Plaintiff states in Claim Five that Defendant Schoenmakers failed to process his grievance about the conditions at the Institute, he does not identify any person who is responsible for the other alleged constitutional violations he asserts in the claim.

Therefore, Mr. Bomprezzi will be ordered to file an Amended Complaint and allege personal participation with respect to properly named Defendants in Claims Four and Five. To establish personal participation, Mr. Bomprezzi must show that each named Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of

his or her supervisory position. *See **Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). Accordingly, it is

ORDERED that Mr. Bomprezzi file **within thirty days from the date of this Order** an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Bomprezzi, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form. It is

FURTHER ORDERED that if Mr. Bomprezzi fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED April 18, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00623-BNB

Melvin Lynne Bomprezzi
Prisoner No. 05A2698
Douglas County Jail
4000 Justice Way #2630
Castle Rock, CO 80109

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _4-18-07_

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk