IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 7 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00623-BNB

MELVIN LYNNE BOMPREZZI,

      Plaintiff,

v.

SGT. PENRY, Douglas County Jail,
DR. DAVID JOHNSON, CMHIP,
DANELLE LOONEY, Dietician, CMHIP,
DR. ELYSSA BALL, CMHIP,
CHAPLAIN LOLA WEST, CMHIP, and
ATTORNEY GIL ROMERO, CMHIP,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Melvin Lynne Bomprezzi currently is detained at the Douglas County

Detention Facility in Castle Rock, Colorado. Originally on March 27, 2006, Mr.

Bomprezzi submitted a Prisoner Complaint to the Court. The Court dismissed the

Complaint on July 18, 2006, in part as legally frivolous with respect to Claim One, in

part pursuant to *Younger v. Harris*, 401 U.S. 37, 45 (1971), with respect to Claims

Two, Three, Seven, and Eight, and in part for failure to plead exhaustion of

administrative remedies with respect to Claims Four and Five. Plaintiff filed a Notice of

Appeal. The United States Court of Appeals for the Tenth Circuit (Tenth Circuit)

affirmed the appeal except for Claims Four and Five. The Tenth Circuit, in keeping with

the United States Supreme Court's recent decision in *Jones v. Bock*, 127 S. Ct. 910 (Jan. 22, 2007), found that Plaintiff is not required to specially plead or demonstrate exhaustion. The Tenth Circuit vacated this Court's decision with respect to Claims Four and Five and remanded the case for reconsideration of the two claims.

In light of the Tenth Circuit's directive, Magistrate Judge Boyd N. Boland entered an order on April 18, 2007, instructing Plaintiff to file an Amended Complaint and name the individuals who personally participated in the allegations he raises in Claims Four and Five. On April 24, 2007, Plaintiff filed an Amended Complaint asserting two claims. The two claims are the claims that were previously identified as Claims Four and Five.

The Court must construe the Amended Complaint liberally because Mr. Bomprezzi is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although a court must construe a complaint liberally, the court should not "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

In Claim One, Mr. Bomprezzi alleges that Defendant Sergeant Penry is responsible for violating his Eighth Amendment rights. Plaintiff asserts that Defendant Penry has violated his Eighth Amendment rights because he has (1) made Plaintiff sleep on the floor without a mattress and an adequate blanket, (2) denied him dental floss and sufficient toothpaste and toothbrushes, (3) provided him with only one towel and one uniform each week, (4) denied him access to exercise outside or in the day room, (5) denied him access to a clergyman, (6) forced him to wash his personal laundry in the sink, (7) denied him ample portions of food, (8) placed him in lock down for extended periods of time even though he is mentally ill and such placement

2

aggravates his condition, (9) denied him earphones when he knows that Plaintiff suffers from post-traumatic stress and noises aggravate his condition, (10) denied him access to the law library, and (11) placed him in three-man cells knowing that such overcrowding causes fights among the inmates.

In Claim Two, Plaintiff asserts that while he was housed at the Colorado Mental Health Institute at Pueblo (CMHIP) he was administered involuntary antipsychotic drugs, which he continues to take. He further asserts that the conditions at CMHIP violated his Eighth Amendment rights because (1) the portions of food are less than adequate, (2) the facility is unsanitary, (3) the continual blood draws are cruel and unusual punishment, (4) the incessant questions by psychiatrists and psychologists are invasive, (5) there is no opportunity for employment, (6) outgoing mail is opened and read by staff, (7) legal assistance is inadequate, (8) patients are not allowed to review their medical records, and (9) individuals from outside the facility are not allowed to provide religious services to patients.

Plaintiff asserts he has exhausted his administrative remedies and requests injunctive relief in both Claims One and Two.

Claim One as alleged against Defendant Sgt. Penry will be drawn to a district judge and to a magistrate judge. The involuntary drug claim alleged against Defendants Dr. David Johnson and Dr. Elyssa Ball in Claim Two will be drawn to a district judge and to a magistrate judge. As discussed below, the remaining allegations and Defendants in Claim Two will be dismissed.

A "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." ***Facio v.***

3

*Jones*, 929 F.2d 541, 544 (10th Cir. 1991). "The touchstone of the mootness inquiry is whether the controversy continues to touch the legal relations of parties having adverse legal interests in the outcome of the case." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (internal quotation marks and brackets omitted) (superceded by statute on other grounds).

Mr. Bomprezzi no longer is held at CMHIP. Plaintiff's claims for injunctive relief in Claim Two, except for the involuntary drug claim, therefore, are moot. The claims will be dismissed because Plaintiff fails to allege or demonstrate that the entry of injunctive relief will effect Defendants Danelle Looney, Chaplain Lola West and Attorney Gil Romero and their behavior towards him. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).

The Court also finds with respect to Plaintiff's allegations in Claim Two, including unsanitary conditions, continual blood draws, invasive questions, mail openings, and medical records, Plaintiff fails to assert personal participation by any named Defendant. Plaintiff was instructed in Magistrate Judge Boland's April 18, 2007, Order that personal participation is an essential allegation in a civil rights action. He was directed to name as parties the individuals at CMHIP who were responsible for violating his constitutional rights. He has failed to do so with respect to the above listed allegations.

Moreover, the denial of access claim asserted against Defendant Romero lacks merit. In order to allege a denial of access to the courts claim based on *Bounds v. Smith*, 430 U.S. 817 (1977), an inmate must plead and prove he was actually impeded in his ability to conduct a particular case. *See Casey v. Lewis,* 518 U.S. 343 (1996).

4

The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995).

An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353. "*Bounds* did not create an abstract, free-standing right to . . . legal assistance." *Id.* at 351. Neither *Bounds* nor *Casey* establish a constitutional right to a specific type of legal resource including access to a jail law library.

As for Plaintiff's claim that he was denied gainful employment while he was housed at CMHIP, the claim lacks merit because neither the Constitution nor state law creates a protected liberty or property interest in prison employment. *See Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (per curiam) (Constitution); *Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996) (state law). Accordingly, it is

ORDERED that Defendants Danelle Looney, Chaplain Lola West, and Attorney Gil Romero are dismissed from the action. It is

FURTHER ORDERED that the Clerk of the Court is directed to remove Defendants Danelle Looney, Chaplain Lola West, and Attorney Gil Romero from the docketing record as parties to the action. It is

FURTHER ORDERED that Claim One and Plaintiff's involuntary drug claim as asserted against remaining Defendants Sergeant Penry, Dr. David Johnson, and Dr. Elyssa Ball shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _17_ day of _____*May*_____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00623-BNB

Melvin Lynne Bomprezzi
Prisoner No. 05A2698
Douglas County Jail
4000 Justice Way #2630
Castle Rock, CO 80109

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _____5-17-07_____

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk