IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 06-cv-00623-WDM-KMT

MELVIN LYNNE BOMPREZZI,

    Plaintiff,

v.

PENRY, Sgt., Douglas County Jail,
DR. DAVID JOHNSON, CMHIP, and
DR. ELYSSA BALL, CMHIP,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion to Reinstate Claims Against CMHIP" (#56, filed August 12, 2007). It is unclear what type of relief Plaintiff is seeking. To the extent Plaintiff is seeking to amend his complaint, the Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims.

Here, the plaintiff does not describe the proposed amendment, nor does he attach a proposed amended complaint to his motion. As a result, it is impossible to determine if the proposed amendment is permissible.

Further, the Federal Rules of Civil Procedure provide that "[a]n application to the court for an order shall be by motion which . . . shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b). Plaintiff's motion is incomprehensible and fails to specify either any grounds for relief or the precise nature of the relief sought. Accordingly,

IT IS ORDERED that Plaintiff's motion (#56) is DENIED.

Dated this 23rd day of January, 2008.

                                            BY THE COURT:

                                            <u>s/ Kathleen M. Tafoya</u>
                                            KATHLEEN M. TAFOYA
                                            United States Magistrate Judge