IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 06-cv-00623-WDM-KMT

MELVIN LYNNE BOMPREZZI,

    Plaintiff,

v.

SGT. PENRY, Douglas County Jail,
DR. DAVID JOHNSON, CMHIP,
DR. ELYSSA BALL, CMHIP,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This case involves claims of violations of Plaintiff's Eighth Amendment rights by Defendant Penry. This matter is before the court on Defendant Penry's "Motion to Dismiss Fourth Amended Complaint" filed July 2, 2007 (Doc. No. 52).

### FACTUAL BACKGROUND

*1.  Facts*

The following facts are taken from Plaintiff's Fourth Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff alleges pursuant to 42 U.S.C. § 1983 that Defendant Penry violated his Eight Amendment rights by (1) making Plaintiff sleep on the floor without a mattress and an adequate blanket and by interrupting his sleep; (2) failing to provide Plaintiff dental floss, toothpaste, and toothbrushes; (3) providing Plaintiff with only one

towel and one uniform per week; (4) denying Plaintiff access to the yard or day hall for exercise; (5) denying Plaintiff access to a clergyman; (6) forcing Plaintiff to do his personal laundry in the sink; (7) failing to provide Plaintiff with enough food; (8) placing Plaintiff in lockdown for extended periods of time; (9) denying Plaintiff earphones even though many noises and sounds aggravate his paranoid schizophrenia; (10) denying Plaintiff access to the law library or the law computer; and (11) placing Plaintiff in a two-man cell with two other men. (Pl.'s Fourth Am. Prisoner Compl. at 6–17 [filed April 24, 2007] [hereinafter "Compl."].) Plaintiff seeks injunctive relief. (Compl. at 30–33.) Defendant Penry contends Plaintiff failed to comply with the Prison Reform Litigation Act's [hereinafter "PRLA"] exhaustion of administrative remedies and that Plaintiff "unilaterally declare[d] that the formal grievance procedure was not applicable to him." (Mot. to Dismiss Fourth Am. Compl. at 2–3 [filed July 2, 2007] [hereinafter "Def.'s Br."].) Defendant Penry asserts Plaintiff does not allege any particular action by Penry that violates Constitutional principles and that Penry is qualifiedly immune. (*Id.* at 3–4.) Defendant Penry further states that Plaintiff's complaints do not "amount to an allegation that Plaintiff 'is incarcerated under conditions of posing a substantial risk of serious harm'" or "state a claim for cruel and unusual punishment." (*Id.* at 4-5.) Finally, Defendant avers that Plaintiff's Complaint contains no allegations against Defendant Penry and that there is no case stated against Penry. (*Id.* at 5–6.)

2. ***Procedural History***

Plaintiff is currently detained at Denver Reception and Diagnostic Center. (Doc. No. 65 [filed December 26, 2007].) His original Prisoner Complaint was filed March 27, 2006. (Prisoner

Compl.) The court dismissed the Complaint on July 18, 2006. (Order and J. of Dismissal.) Plaintiff filed a Notice of Appeal (Notice of Appeal of Dismissal of Case [filed July 25, 2007] [hereinafter "Notice of Appeal"].) Due to the United States Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910 (2007), the United States Court of Appeals for the Tenth Circuit remanded the case for reconsideration of Claims Four and Five. (Order and J. [filed April 2, 2007].) This court ordered Plaintiff to file an amended complaint and "allege personal participation with respect to properly named Defendants in Claims Four and Five." (Order Directing Plaintiff to File Am. Compl. [filed April 18, 2007].) On April 24, 2007, Plaintiff filed his Fourth Amended Prisoner Complaint. (Compl.) On July 2, 2007, Defendant Penry filed a motion to dismiss. (Def.'s Br.) On July 10, 2007, Plaintiff filed his response. (Answer to Mot. to Dism. [hereinafter "Pl.'s Resp."].) On July 24, 2007, Defendant Penry replied in support of his motion. (Reply to Answer to Mot. to Dism. [hereinafter "Def.'s Reply"].)

**STANDARD OF REVIEW**

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Defendant Penry moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

3

### 1. Lack of Subject Matter Jurisdiction

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

### 2. Failure to State a Claim Upon Which Relief Can Be Granted

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts that would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a Rule 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer

evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

### 1. *Exhaustion of Administrative Remedies*

Defendants move to dismiss the claims against Defendant Penry based upon Plaintiff's failure to exhaust his administrative remedies, as required by the PLRA. (Def.'s Br. at 2–3.) Prior to filing this civil action, Plaintiff was required to exhaust administrative remedies pursuant to the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2007).

The Supreme Court recently set forth a new standard to govern PLRA lawsuits: "[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones,* 127 S. Ct. at 921. "[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

After *Jones*, dismissal under § 1997e(a) for failure to exhaust administrative remedies cannot usually be made on pleadings without proof. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) ("'[O]nly in rare cases will a district court be able to conclude from the

5

face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.'") (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225). Defendant states "[Plaintiff] went so far as to unilaterally declare that the formal grievance procedure was not applicable to him." (Def.'s Br. at 3.) However, Defendant's assertion is disingenuous. In his Complaint, to the question asking whether he has exhausted available administrative remedies, Plaintiff checks, "Yes." (Compl. at 29.) Immediately thereafter, Plaintiff handwrites, "Not Applicable." *Id.* In his response to the motion to dismiss, Plaintiff states that he "put N/A on whether or not [he] followed the grievance procedure" because of his appellate court decision. (Pl.'s Resp. at 1.) He goes on to argue that he did follow the proper grievance procedure. *Id.* at 2. Therefore, at this stage of the litigation, Defendant has not met his burden of demonstrating that Plaintiff has not exhausted his administrative remedies. Thus, Defendant's request for dismissal of Claim One based on failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b)(1) is properly denied at this time.

### 2.     *Lack of Personal Participation by Defendant Penry*

Personal participation is an essential allegation in a § 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262–1263. *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) (stating that before liability may be imposed, a supervisor must have "participated or acquiesced" in the conduct which constitutes a constitutional deprivation). To establish personal liability, a plaintiff must show that the official caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

6

In this case, Magistrate Judge Boland ordered the plaintiff to file an amended complaint "alleg[ing] personal participation with respect to properly named Defendants in Claims Four and Five." (Order Directing Plaintiff to File Am. Compl. at 2.) Plaintiff filed his Fourth Amended Prisoner Complaint on April 24, 2007. However, Plaintiff merely crossed out the word "Four" from "Claim Four" in his Second Amended Prisoner Complaint (Doc. Nos. 17-2 at 31–31; 17-3 at 1–9) and wrote the word "One" to make it "Claim One." (Compl.) Plaintiff then inserted Sergeant Penry's name in place of the name of a former defendant, Sheriff David Weaver. (Compl. at 6; Doc. No. 17-2 at 31.) The allegations contained in the "new" Claim One are identical to the allegations in Claim Four from the Second Amended Prisoner Complaint. Other than the introductory statement that "[t]his is a claim against Sergeant Penry and the Douglas County Jail," Dr. Penry's name is nowhere in the text of Claim One's assertions. (Compl. at 6–20.) Plaintiff fails to allege specific facts that demonstrate how Defendant Penry personally participated in the asserted constitutional violations. Thus, Defendant's request for dismissal of Claim One is properly granted based on lack of personal participation by Defendant Penry. The court need not address the defenses of qualified immunity or no cognizable injury.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendant Penry's "Motion to Dismiss Fourth Amended Complaint" (#52, filed July 2, 2007) be GRANTED.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived

their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge