IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 06-cv-00623-WDM-KMT

MELVIN LYNNE BOMPREZZI,

    Plaintiff,

v.

SGT. PENRY, Douglas County Jail,
DR. DAVID JOHNSON, CMHIP,
DR. ELYSSA BALL, CMHIP,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case involves a claim that Plaintiff was administered involuntary antipsychotic drugs by Defendants Dr. Johnson and Dr. Ball. This matter is before the court on Defendant Elyssa Ball's "Motion to Dismiss Amended Complaint" filed July 27, 2007 (Doc. No. 62).

**FACTUAL BACKGROUND**

*1.*   *Facts*

The following facts are taken from Plaintiff's Fourth Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff asserts Defendants Johnson and Ball gave him court-ordered medication which causes "cruel and unusual side effects to the body." (Compl. at 21–22.) Defendant Ball states that Plaintiff was administered court ordered mediation only until May 8, 2000. (Mot. to Dismiss Am. Compl. [hereinafter "Def.'s Br."],

Attach. F, Aff. of Elissa Ball, M.D. [hereinafter "Ball Aff."] [filed July 27, 2007].) As such, Defendant Ball maintains, Plaintiff's request for injunctive relief related to involuntary medications is moot. *Id.* Defendant Ball also claims the statute of limitations has run on Plaintiff's claims. *Id.* at 3. Finally, Defendant Ball argues Plaintiff's action is barred by the *Rooker-Feldman* doctrine which "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments before the district court proceedings commenced." *Id.* at 4.

## 2. *Procedural History*

Plaintiff is currently detained at Denver Reception and Diagnostic Center. (Doc. No. 65 [filed December 26, 2007].) His original Prisoner Complaint was filed March 27, 2006. (Prisoner Compl.) The court dismissed the Complaint on July 18, 2006. (Order and J. of Dismissal.) Plaintiff filed a Notice of Appeal (Notice of Appeal of Dismissal of Case [filed July 25, 2007] [hereinafter "Notice of Appeal"].) Due to the United States Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910 (2007), the United States Court of Appeals for the Tenth Circuit remanded the case for reconsideration of Claims Four and Five. (Order and J. [filed April 2, 2007].) This court ordered Plaintiff to file an amended complaint and "allege personal participation with respect to properly named Defendants in Claims Four and Five." (Order Directing Plaintiff to File Am. Compl. [filed April 18, 2007].) On April 24, 2007, Plaintiff filed his Fourth Amended Prisoner Complaint. (Compl.) Defendant Ball filed a motion to dismiss on July 27, 2007 (Def.'s Br.), to which Plaintiff filed a response on August 6, 2007 (Answer to Mot. to Dism. Elyssa Ball,

2

CMHIP [hereinafter "Pl.'s Resp. to Ball"]). This matter is fully briefed and ripe for review and recommendation.

## STANDARD OF REVIEW

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

Defendant Ball moves to dismiss without citation to any specific Federal Rule of Civil Procedure. The court will, *sua sponte*, address Plaintiff's failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

### *1. Failure to State a Claim Upon Which Relief Can Be Granted*

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts that would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a Rule 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

#### *a. No Violation of Federal Constitutional Rights*

Plaintiff does not allege sufficient facts indicating that Defendant Ball's compliance with an order to administer antipsychotic medication to him over his objection amounted to a violation of his federal constitutional rights. *See Sconiers v. Jarvis*, 458 F. Supp. 37, (D. Kan. 1978). Plaintiff states in his Complaint that he has "either paranoid schizophrenia or post traumatic stress disorder." (Compl. at 10–11.) In *Washington v. Harper*, 494 U.S. 210, 221 (1990), the Supreme Court analyzed substantive and procedural standards required to justify forced medication in the context of the prison environment under the due process clause of the Fourteenth Amendment. The court held that a mentally ill inmate may be treated involuntarily with antipsychotic drugs

where there is a determination that "the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Washington*, 494 U.S. at 227; *see also Jurasek v. Utah State Hosp.*, 158 F.3d 506, 509 (10th Cir. 1998). Plaintiff and Defendant acknowledge in their submissions that the medication given to Plaintiff was court ordered, and Plaintiff does not allege facts indicating the hearing provided was without procedural due process. (Compl. at 21; Ball Aff. at ¶ 4.)

Moreover, claims under the Eighth Amendment have two elements: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996). The objective component requires an "extreme deprivation" denying a "minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The subjective component requires that, in order to be held liable, the defendant official must act with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff alleges no facts indicating either an extreme deprivation or a sufficiently culpable state of mind on the part of the defendant. His allegations that the medications may cause certain debilitating side effects do not support the inference that Defendant Ball acted with deliberate indifference to plaintiff's health or safety.[1] An inmate's disagreement with the nature or type of medical care provided does not present a constitutional claim. Plaintiff has a right to medical care, not to a type personally desirable to him.

---

[1] Plaintiff has not alleged that he suffers from <u>any</u> of the side effects he lists in his Complaint.

*Henderson v. Secretary of Corrections*, 518 F.2d 694 (10th Cir. 1975); *Coppinger v. Townsend*, 398 F.2d 392 (10th Cir. 1968).

The court assumes the truth of Plaintiff's factual allegations in his complaint that Dr. Ball "is responsible for enforcing court ordered mediation" against his will. (Compl. at 21.) The court finds these assertions do not state a claim of federal constitutional violation.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendant Ball's "Motion to Dismiss Amended Complaint" (#62) be GRANTED.[2] The court further

RECOMMENDS that Defendant Dr. David Johnson be dismissed as a party for the same reasons.[3]

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the

---

[2]The court has not addressed any of the substantive issues raised in Defendant Ball's motion to dismiss. Nevertheless, the court has found that Plaintiff has not stated a claim upon which relief may be granted. Therefore, the recommendation is that Defendant Ball be dismissed as a party.

[3]Dr. David Johnson has not been served and has not entered an appearance. However, the claims against Dr. Johnson are <u>identical</u> to the claims against Dr. Ball.

objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge