IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-00623-WDM-KMT

MELVIN LYNN BOMPREZZI,

    Plaintiff,

v.

SGT. PENRY, Douglas County Jail,
DR. DAVID JOHNSON, CMHIP,
DR. ELYSSA BALL, CMHIP

    Defendants.

## ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendations of Magistrate Judge Kathleen M. Tafoya (docs no 70 and 71) that all claims in Plaintiff's Fourth Amended Complaint be dismissed for failure to state a claim. Plaintiff did not file an objection to the recommendation and therefore is not entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons set forth below, I will accept Magistrate Judge Tafoya's recommendations.

I have reviewed the pertinent portions of the record in this case, including the Fourth Amended Complaint[1], Defendant Penry's motion to dismiss and Plaintiff's response, Defendant Ball's motion to dismiss and Plaintiff's response, and the recommendation. Plaintiff is an incarcerated prisoner and he asserts two unrelated claims against the

---

[1]Several other claims and parties contained in the Fourth Amended Complaint were previously dismissed (doc no 47).

defendants. Plaintiff's claim against Defendant Penry is based on Plaintiff's allegation that the conditions of his confinement at the Douglas County Jail violated the Eighth Amendment.[2] The claim against Defendants Johnson and Ball is based on their alleged participation in the court-ordered administration of anti-psychotic medication to Plaintiff.

In the recommendation dated February 15, 2008 (doc no 70), Magistrate Judge Tafoya recommends that the claims against Defendant Penry be dismissed on the grounds that Plaintiff fails to allege facts showing personal participation by Penry in any constitutional violation. I agree that Plaintiff's allegations are insufficient in this regard. Other than conclusorily asserting in the Fourth Amended Complaint that "Sgt. Penry is responsible for all actions in claim one," Plaintiff provides no facts indicating that Defendant Penry is a final policy maker or personally caused any of the events or conditions that Plaintiff contends were violative of his constitutional rights. In his response to Penry's motion to dismiss, Plaintiff offers additional facts to support his claim regarding Penry's responsibility, arguing that Penry rejected Plaintiff's grievances regarding jail conditions. The Tenth Circuit has ruled, in an unpublished decision, that denial of grievances, standing alone, is insufficient to establish personal participation in an alleged constitutional violation. *Larson v. Meek*, 240 Fed. Appx. 777, 780, 2007 WL 1705086 at *3 (10th Cir., June 14, 2007) (citing *Lomhold v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (per curiam)). I agree that the mere fact that Penry denied Plaintiff's grievances is insufficient to demonstrate that he was personally involved the alleged constitutional

---

[2]Plaintiff is currently detained at the Denver Reception and Diagnostic Center because of a parole violation but expects to be returned to the Douglas County Jail.

violations.

Moreover, I conclude that Plaintiff's factual allegations do not demonstrate the elements of an Eighth Amendment violation. Prison officials must "provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). To prevail on a "conditions of confinement" claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is "'sufficiently serious' " to implicate constitutional protection, and (2) prison officials acted with "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). In order to satisfy the first requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. Deliberate indifference, the second requirement, "entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id*. at 835. This standard is equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id*. at 836-37. Most of Plaintiff's allegations do not demonstrate a sufficiently serious deprivation, as Plaintiff's complaints are in the nature of inconveniences and discomfort, not conditions posing a substantial risk of serious harm. The only exceptions might be Plaintiff's allegations regarding inadequate amounts of food and his assertion that inmates with mental illness are placed in lockdown for extended periods of time. Again, however, Plaintiff has alleged no facts to show that Defendant Penry personally caused or directed these alleged violations.

Although not addressed in Magistrate Judge Tafoya's recommendation, I note that

Plaintiff has also alleged that certain deprivations of inmates placed in administrative segregation violate equal protection guarantees because regular population inmates are not so deprived. Specifically, Plaintiff complains that prisoners in administrative segregation are not permitted visitation, clergy visit, law library use[3], or access to the recreation yard. Because Plaintiff does not claim a fundamental right or differential treatment based on a suspect classification, he is required to allege that his treatment was not reasonably related to some legitimate penological purpose. *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). Moreover, inmates not subject to discipline are not similarly situated than those in administrative segregation and so Plaintiff fails to allege that he is treated differently from similarly situated individuals. *Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006) (prisoner in administrative segregation by definition is not similarly situated to those in general population). Plaintiff's allegations, even if true, do not show that the conditions of administrative segregation are unreasonable or violative of Plaintiff's equal protection rights.

In the second recommendation (doc no 71), dated February 19, 2008, Magistrate Judge Tafoya recommends dismissal of Plaintiff's claim against Defendants Johnson and Ball on the grounds that Plaintiff cannot prove a constitutional claim. It is well established that Plaintiff "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). However, the Supreme Court determined that it is permissible to administer such medication involuntarily

---

[3]Plaintiff, however, apparently was allowed to use the law library because of his pending cases.

to a prison inmate with a serious mental illness "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id*. at 227. Plaintiff apparently had a hearing in which it was determined that without medication his mental illness would deteriorate (i.e., he was dangerous to himself) and that treatment was in his best interest. I agree with Magistrate Judge Tafoya that, absent an allegation showing a deficiency in this procedure, Plaintiff cannot demonstrate that administration of medication pursuant to a court order upon proper findings violates Plaintiff's right to due process.

Moreover, Defendant Ball points out that the court order requiring medication has expired and any medication that Plaintiff now takes is done so voluntarily. Because Plaintiff referred to the court proceedings leading to the order of involuntary administration of medication, I will consider that order without converting the motion to one for summary judgment. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss"). The Order of the Pueblo County District Court clearly states that the period of involuntary administration of medication expires on September 13, 2000. Attachment D (doc no 62-5) to Defendant Ball's Motion to Dismiss. In his response to the motion to dismiss, Plaintiff does not deny this but claims rather that his doctors all insist that he take the medication.

In addition, I agree that Plaintiff has not stated facts demonstrating that the administration of medication violates the Eighth Amendment prohibitions on cruel and unusual punishment. Plaintiff has alleged no facts showing that the administration of

medication has caused Plaintiff any serious side effects[4], much less any side effects posing a substantial risk of serious harm. Moreover, since Plaintiff is complying with the medical advice of his treating physicians and mental health providers, rather than involuntarily taking medication because of a court order, I cannot discern any constitutional implications.

Accordingly, it is ordered:

1. The recommendations of Magistrate Judge Tafoya (docs no 70 and 71) are accepted.

2. The motions to dismiss (docs no 52 and 62) filed by Defendants Penry and Ball are granted. In addition, since the allegations against Defendant Johnson are identical to those against Defendant Ball, the claims against Defendant Johnson should also be dismissed.

3. Plaintiff's complaint is dismissed.

4. Defendants may have their costs.

DATED at Denver, Colorado, on March 12, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

---

[4] Plaintiff lists a number of potential side effects from a variety of drugs, but does not allege that he personally has suffered any effects from his medication.